David E. SKAGGS, et al., Plaintiffs,

v.

Robin H. CARLE, Defendant.

Civ. A. No. 95–251 (TPJ).

United States District Court,
D. Columbia.

Aug. 23, 1995.

Lloyd Norton Cutler, Louis Richard Cohen, Wilmer, Cutler & Pickering, Washington, DC, for plaintiffs.

Barbara K. Bracher, Office of the General Counsel, U.S. House of Representatives, Washington, DC, for defendant.

David G. Leitch, Hogan & Hartson, L.L.P., Washington, DC, for movants.

## MEMORANDUM AND ORDER

JACKSON, District Judge.

The Rulemaking Clause of the Constitution confers power upon both chambers of Congress to make the rules by which they conduct business.[1] On January 4, 1995, the first day of the first session of the 104th Congress, the House of Representatives ("House") added the following new paragraphs to its House Rule XXI(5) and adopted the Rule as amended by a vote of 279 to 152:

(c) No bill or joint resolution, amendment, or conference report carrying a Federal income tax rate increase shall be considered passed or agreed to unless so determined by vote of not less than three-fifths of the Members voting.

(d) It shall not be in order to consider any bill, joint resolution, amendment, or conference report carrying a retroactive Federal income tax rate increase. For purposes of this paragraph a Federal income tax rate increase is retroactive if it applies to a period beginning prior to the enactment of the provision.

---

1. "Each House may determine the Rules of its Proceedings ..." U.S. Const. art. I, § 5, cl. 2.

On February 8th, 15 Members of the House who opposed the Rule,[2] six voters, and the League of Women Voters filed the instant Complaint for Declaratory Relief pursuant to 28 U.S.C. § 2201 against Robin H. Carle, Clerk of the U.S. House of Representatives, in her official capacity, praying that House Rule XXI as amended be declared unconstitutional on its face.

It is plaintiffs' contention that, except as the Constitution expressly provides otherwise, a universal parliamentary principle of majoritarian rule is implicitly incorporated in the Constitution. Neither House of Congress may, therefore, constitutionally impose a requirement of a vote greater than a majority of a quorum to transact any Congressional business other than as the Constitution itself prescribes. Plaintiffs also assert that it is a violation of the Constitution as well for the House to preclude, by a procedural rule, the consideration by the House of any legislation it is constitutionally empowered to enact, including a retroactive tax increase.

The defendant has moved to dismiss the Complaint, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), on multiple grounds.[3] The motion will be granted on the sole ground of the doctrine of equitable or remedial discretion.

■ With what may be a single exception,[4] the U.S. Court of Appeals for the District of Columbia Circuit has consistently instructed over the last decade and more, in addressing lawsuits by legislators complaining of their colleagues' unconstitutional conduct in doing the work of Congress, that the separation-of-powers principle "precludes [the courts] from reviewing congressional practices and procedures when they primarily and directly affect the way Congress does its legislative business," *Gregg v. Barrett*, 771 F.2d 539, 542 (D.C.Cir.1985) (Mikva, J.), even when "such a

disposition would render a constitutional question unreviewable," *Melcher v. Federal Open Mkt. Comm.*, 836 F.2d 561, 564 (D.C.Cir.1987), *cert. denied*, 486 U.S. 1042, 108 S.Ct. 2034, 100 L.Ed.2d 619 (1988) (Starr, J.), and when only declarative relief is sought. *Moore v. United States House of Representatives*, 733 F.2d 946, 954–55 (D.C.Cir.1984), *cert. denied*, 469 U.S. 1106, 105 S.Ct. 779, 83 L.Ed.2d 775 (1985) (Wilkey, J.). *See also Humphrey v. Baker*, 848 F.2d 211, 214–15 (D.C.Cir.), *cert. denied*, 488 U.S. 966, 109 S.Ct. 491, 102 L.Ed.2d 528 (1988) (holding doctrine of equitable discretion to be "the law of our circuit").

■ Whether expressed in terms of a failure of standing, or "equitable" or "remedial" discretion,[5] the fundamental consideration underlying those decisions is one of prudent judicial self-restraint: federal courts should generally refrain, as a matter of policy, from intruding in the name of the Constitution upon the internal affairs of Congress at the behest of lawmakers who have failed to prevail in the political process. That policy is as cogent today as it was when it was first articulated in *Riegle v. Federal Open Mkt. Comm.*, 656 F.2d 873 (D.C.Cir.), *cert. denied*, 454 U.S. 1082, 102 S.Ct. 636, 70 L.Ed.2d 616 (1981) (Robb, J.). And it has commanded the deference of too many circuit judges to be ignored. Conversely, *Michel v. Anderson* is too equivocal as authority for the proposition that the doctrine of equitable discretion is now defunct, or so easily evaded as to seem so. The claim of the plaintiff-Members who are suing as such here must therefore be dismissed as one upon which relief should not be granted, at least by this Court.

■ That leaves only the "voters' " claim to sustain the action.[6] It is, of course, con-

---

**2.** Twelve additional plaintiff-Members were added by stipulation on June 7, 1995.

**3.** Cross-motions for summary judgment are also pending.

**4.** *See Michel v. Anderson*, 14 F.3d 623 (D.C.Cir.1994).

*Boehner v. Anderson*, 30 F.3d 156 (D.C.Cir.1994), also cited by the plaintiffs, was a "straightforward challenge to the constitutionality of a public law that directly affect[ed the

Congressman's] private interest as a government employee." 30 F.3d at 160.

**5.** See this Court's opinion in *Burton v. Baker*, 723 F.Supp. 1550 (D.D.C.1989).

**6.** The League of Women Voters, of course, possesses no greater right than its individual members—who are at best, in a word, merely voters—to raise the claims made here. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).

ceivable that voters *qua* voters might have a claim in their own right, distinct from that of their elected Representatives, and enforceable as such although that of the Members *qua* Members is not.[7] This, however, does not appear to be such a case. The voters' claim here is entirely derivative. They oppose the strictures imposed upon their elected Representatives for the same reason the Representatives themselves do: House Rule XXI(5) allegedly diminishes the influence their Representatives can exert over the legislative business of the House.

To allow the presence of token voter-plaintiffs to sustain an action such as this, and *a fortiori* to allow the Member-plaintiffs to invoke their own status as voters to the same end, is an all-too-facile expedient to circumvent the doctrine of equitable discretion, and to subvert altogether the holdings of the line of discretionary abstention cases, referred to above, which have yet to be formally repudiated as "the law of our circuit." If this case is to be entertained by this Court, the Court of Appeals must first sanction it.

For the foregoing reasons, therefore, and without reaching any other issue raised, it is, this 23rd day of August, 1995,

ORDERED, that the Complaint is dismissed with prejudice pursuant to Fed. R.Civ.P. 12(b)(6).

---

**7.** *Quaere:* Assuming other general requirements of standing and ripeness are met, would any House (or committee) rule that impedes a Representative from actually contributing ½₁₈th of the vote necessary to the passage or defeat of legislation be vulnerable to a "voter's" challenge on constitutional grounds?